UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE BAKER, an individual,

Plaintiff,

v.

NAPLES URGENT CARE, PL, a Florida limited liability company, and DR. ROBERT MCGANN, an individual,

Defendants.

CIVIL ACTION

Case No. 2:17-cv-57-FtM-99MRM

Judge:

Mag. Judge:

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, GEORGE BAKER ("Baker" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and common law for (1) unpaid overtime, (2) retaliation, (3) breach of contract, and (4) promissory estoppel.

### PARTIES

2. The Plaintiff, GEORGE BAKER ("BAKER") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and at all times had enterprise and individual coverage under the FLSA during his employment with the Defendants. At all material times, BAKER was employed by the Defendants as a physician's assistant. BAKER performed work in Lee and Collier County, Florida, which are both within the Middle District of Florida, during the events giving rise to this case. BAKER was an employee within the

1

contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **NAPLES URGENT CARE, PL** ("**URGENT CARE**") is a Florida corporation and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **URGENT CARE** has gross annual sales well in excess of $500,000.00 per year and is engaged in interstate commerce. **URGENT CARE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **BAKER**. **URGENT CARE** supervised and controlled **BAKER**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **BAKER**. **URGENT CARE** maintains employment records of **BAKER**. **URGENT CARE** was the employer of **BAKER**.

4. The Defendant, **DR. ROBERT MCGANN** ("**MCGANN**") is an individual and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **MCGANN** had the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **BAKER**. **MCGANN** supervised and controlled **BAKER**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **BAKER**. **MCGANN** maintains employment records of **BAKER**. **MCGANN** was the employer of **BAKER**.[1]

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. An opt-in Collective Action is sought under FLSA 216(h).

---

[1] **URGENT CARE** and **MCGANN** are referred to herein as "Defendants."

2

6. This Court has supplemental jurisdiction over **BAKER**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee and Collier County, Florida, which are both within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee and Collier County, which are within the Fort Myers Division.

## GENERAL ALLEGATIONS

8. **BAKER** has worked for the Defendant within the last three years.

9. **BAKER** began his employment with the Defendants in October 2013 as a physician's assistant.

10. **BAKER**'s direct supervisor was **MCGANN**, and **BAKER**'s role of physician's assistant was non-management and did not include advising the Defendants regarding violations of state or federal wage/hour law.

11. **BAKER**'s job duties, in relevant part, included providing patients medical care from the Defendants' place of business.

12. **BAKER**'s regular daily duties included often began well prior to around 7:00 A.M. and could, and would, often end as late as 9:00 P.M. and frequently included work on weekends.

13. The Defendants demanded that **BAKER** be available between those hours and **BAKER** did work for the Defendant during that time.

14. The Defendant compensated **BAKER** on strictly an hourly basis rather than on a salary basis and thus the **BAKER** was a non-exempt employee.

15. **BAKER**'s hourly rate was $60.00 per hour, and **BAKER** only received pay for the hours he actually worked.

16. **BAKER** was required by the Defendant to work at least 55-hours per week for each week of his employment (except during scheduled vacations), but the Defendant failed to pay **BAKER** overtime wages at time and a half.

17. The Defendant instead paid **BAKER** for his overtime at only straight time, plus a $5.00 increase. In essence, the Defendant paid **BAKER** a mere $65.00 per hour for overtime when it should have been paying him at the time and a half rate of $90.00 per hour.

18. The Defendant's failure to pay overtime at time and a half is reflected on the pay records issued to **BAKER**.

19. **BAKER** was not FLSA-exempt but rather a non-exempt employee whom the Defendant required or permitted to work overtime hours without proper compensation in violation of the FLSA because he performed overtime work for the benefit of the Defendant for which he was not properly compensated. This practice violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times the employee's regular hourly wage rate.

20. The Defendants failed to act in good faith under the reasonable belief they had complied with the FLSA.

21. **BAKER** is entitled to liquidated damages because the Defendant acted willfully or with at least a reckless disregard as to the legality of its pay practices in regard to **BAKER**.

22. On or about October 11, 2016, **BAKER** delivered demand correspondence to the Defendant, who denied liability and refused to remit payment for the overtime claimed herein, but who also immediately informed **BAKER** not to report for work any longer and that he was terminated.

23. The Defendants have violated the FLSA by failing to pay overtime wages to **BAKER** and by terminating his employment immediately upon his demand for overtime wages.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

24. The Plaintiff hereby incorporate Paragraphs 1-23 in this Count as though fully set forth herein.

25. **BAKER** was a covered, non-exempt employee under the FLSA at all times during his employment as a physician's assistant with the Defendant.

26. The Defendant was required by the FLSA to pay **BAKER** at least time and one-half for all hours worked by **BAKER** in excess of 40 hours per week.

27. The Defendant had operational control over all aspects of **BAKER**'s day-to-day functions during his employment, including compensation.

28. The Defendant was **BAKER**'s "employer" and is liable for violations of the FLSA in this case.

29. The Defendant violated the FLSA by failing to pay **BAKER** at least time and one-half for all hours worked over 40 per week.

30. The Defendant has willfully violated the FLSA in refusing to pay **BAKER** proper overtime for all hours worked over 40 per week.

31. As a result of the foregoing, **BAKER** has suffered damages of lost wages.

32. The Defendant is the proximate cause of **BAKER**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendants for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")- RETALIATION

33. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

34. The Defendant retaliated against **BAKER** in direct response to **BAKER** seeking enforcement and correction of the Defendant's refusal to pay proper wages in accordance with the FLSA.

35. By **BAKER** seeking enforcement and correction the Defendant's conduct that was in violation of the FLSA, **BAKER** engaged in protected activity under 29 U.S.C. § 215(a).

36. **BAKER** was terminated from his employment with the Defendant as a result of having engaged in protected activity under the FLSA, to wit: seeking proper payment under the FLSA.

37. **BAKER** subsequently suffered an adverse employment action- his termination- that was causally and directly related to him having complained and objected to the Defendant about the Defendant's illegal wage practices.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendants for an amount consistent with evidence, together with liquidated damages, punitive damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT III – BREACH OF CONTRACT

38. The Plaintiff realleges and incorporates Paragraphs 1-3 and 6-16 in this Count by reference.

39. A contract existed between **BAKER** and the Defendants.

40. The terms of the contract were that if **BAKER** achieved certain quantifiable performance goals, he would be paid a set bonus.

41. Both **BAKER** and the Defendants agreed to those terms, which were clear and unambiguous.

42. **BAKER** fully and satisfactorily performed his duties under the contract.

43. The Defendants have breached the contract by refusing to pay **BAKER** the full amount of the bonus due under the terms of the oral contract.

44. **BAKER** has been damaged as a result of the Defendants' breach of the oral contract.

45. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendants in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees upon service of Offer of Judgment, and all other relief as this Court deems proper.

## COUNT IV – PROMISSORY ESTOPPEL

46. The Plaintiff realleges and incorporates Paragraphs 1-3 and 6-16 in this Count by reference.

47. This Count is pled in the alternative.

48. The Defendants represented that if **BAKER** achieved certain quantifiable performance goals, he would be paid a set bonus.

49. The Defendants made a representation as to a material fact, to wit: if **BAKER** achieved certain quantifiable performance goals, he would be paid a set bonus, which is contrary to the Defendants' now-asserted position.

50. **BAKER** reasonably but detrimentally relied upon the representation of the Defendants.

51. The Defendants' change in position is detrimental to **BAKER** as he reasonably relied upon the same in agreeing to perform services for the Defendants.

52. Injustice can only be avoided by enforcing the promise against the Defendants.

53. **BAKER** has been damaged as a result of the Defendants' actions.

54. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendants in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees upon service of Offer of Judgment, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: January 20, 2017

/Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com