UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE BAKER, an individual

    Plaintiff,

v.                                  Case No:   2:17-cv-57-FtM-99MRM

NAPLES URGENT CARE, PL and
ROBERT MCGANN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is the Joint Motion to Approve Settlement and to Dismiss with Prejudice (Doc. 32) and Settlement Agreement Pursuant to the Fair Labor Standards Act (Doc. 32-1) filed on June 21, 2017. The parties request that this Court approve their settlement of the Fair Labor Standards Act ("FLSA") claims in this case. After review of the parties' submissions, the Court cannot recommend approval of the proposed Settlement Agreement as it currently stands.

To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first way, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id.* at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id.* When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and

reasonable. *Id.* at 1353-54. Here, there are two issues that preclude a finding of fairness and reasonableness: (1) the parties failed to disclose which portions of the settlement amount are attributable to back wages, liquidated damages, and attorney's fees and, further, the parties failed to explain the conflicting language as to the payment of attorney's fees; and (2) the parties failed to justify how it is reasonable to have Defendants pay a lesser amount if paid prior to December 31, 2017. (*See* Doc. 32 at 3; Doc. 32-1 at 1, 2).

## I. Settlement Amount

The Settlement Agreement provides that:

> Defendants agree to pay the total gross sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) (the "Payment") to Plaintiff, which Payment shall be reported on IRS Form 1099, and payment to his attorney, which sum was separately negotiated. The parties represent that the Payment represents full payment to the Plaintiff of all claimed overtime wages, and is inclusive of liquidated damages.

(Doc. 32-1 at 1). The manner in which the Settlement Agreement is written precludes approval for three reasons.

First, the Settlement Agreement fails to specify which portion of the settlement proceeds is attributable to back wages and which portion is attributable to liquidated damages. Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of . . . section 207 of this title *shall* be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." (emphasis added). A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Thus, when a settlement occurs in an FLSA case, the Court must review for reasonableness and

fairness *both* the amount of back wages paid *and* the amount of liquidated damages paid, if any. The parties' failure to specify the amount of settlement proceeds attributable to back wages and the amount of settlement proceeds attributable to liquidated damages precludes a finding of fairness and reasonableness.

Second, the parties fail to specify the amount of attorney's fees to be paid to Plaintiff's counsel from the settlement proceeds. When a settlement is proposed, the Court must consider the amount of fees to be paid to Plaintiff's counsel from the settlement proceeds. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Although the Court recognizes that the parties here purport to have negotiated the amount of attorney's fees separately (*see* Doc. 32 at 3), the Court still must determine if the amount of fees is reasonable. *Id.* at 1228. Thus, for the Court to approve the terms of the proposed settlement here, the parties must specify the amount of fees to be paid to Plaintiff's attorney.

Third, the parties state in their Joint Motion "the amount of attorney's fees and costs to be paid to Plaintiff's counsel . . . represents a compromised or reduced amount of the fees and/or costs incurred by Plaintiff's counsel during the course of this litigation." (Doc. 32 at 3). Thus, it appears that Plaintiff's counsel will be paid some negotiated amount from the settlement proceeds. (*Id.*). Yet, the Settlement Agreement incongruously provides that "[e]xcept as set forth herein, each party shall bear his or its own costs and attorneys' fees." (Doc. 32-1 at 2). As explained above, the Settlement Agreement does not set forth the amount to be paid to Plaintiff's counsel. On its face, therefore, the statement in the Joint Motion that Plaintiff's counsel will be paid fees and costs from the settlement proceeds conflicts with the statement in the Settlement Agreement that each party will bear its own costs and attorneys' fees. Both representations

cannot be correct. Until this conflict is resolved, the Court cannot find the proposed settlement to be fair and reasonable.

## II.     Early Payment of Lesser Amount of Settlement

In the Settlement Agreement, the parties agree to settle for the amount of $35,000.00, to be paid in specified installments. (*See* Doc. 32-1 at 1). Yet, in the same paragraph, the parties also agreed to the following:

> The foregoing to the contrary notwithstanding [sic], if by or before December 31, 2017 the Defendants have paid the total sum of Twenty Seven thousand Five Hundred 00/100 Dollars ($27,500.00) to Baker, then all of Defendants' obligations pursuant to this Agreement shall be deemed to have been paid in full and the Defendants shall not owe any further sums to Baker.

(*Id.*). The parties do not attempt to explain or justify this provision such that the Court can find this early payment option and the potential for a reduced recovery by Plaintiff to be fair and reasonable. Further, consistent with the Court's findings above, the parties fail to explain what portion of the lesser amount of $27,500.00, if paid, would be attributable to back wages, liquidated damages, and attorney's fees. Thus, the Court is unable to determine whether the early payment provision of the Settlement Agreement would result in a fair and reasonable resolution of this FLSA action.

## III.    Conclusion

For the foregoing reasons, this Court cannot make the requisite determination under *Lynn's Food* as to the fairness and reasonableness of the proposed Settlement Agreement. Although the other terms of the Settlement Agreement appear fair and reasonable, the issues noted above preclude approval of the Settlement Agreement as currently proposed.

Accordingly, **IT IS RESPECTFULLY RECOMMENDED** that:

1) The Joint Motion to Approve Settlement and to Dismiss with Prejudice (Doc. 32) be **DENIED** without prejudice; and

2) The parties be ordered to elect one of the following options **no later than August 11, 2017**:[1]

   a. File an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein; or

   b. File a Case Management Report so this case may proceed.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 26, 2017

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.